UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMERICAN CASUALTY CO. OF READING, PA, <br><br> Plaintiff, <br><br> vs. <br><br> OASIS PHYSICAL THERAPY, PLLC, et al., <br><br> Defendants. | No. CV-08-5077-LRS <br><br> **ORDER GRANTING MOTION TO STAY** |

**BEFORE THE COURT** is the Motion To Stay Proceedings (Ct. Rec. 22) filed by Defendants Oasis Physical Therapy, PLLC (OPT), and Melinda and Lance Irvine. The motion was heard with telephonic oral argument on June 18, 2009. Patrick S. Brady, Esq., argued on behalf of Plaintiff. Christopher J. Mertens, Esq., argued on behalf of Defendants OPT and the Irvines. Richard B. Kilpatrick, Esq., argued on behalf of Defendants Rafat and Yvonne Shirinzadeh.[1] Michael D. Daudt, Esq., argued on behalf of Defendants Kelly Cox, Susan Taber, and Angela Hart.

### I. BACKGROUND

This is a diversity action in which the Plaintiff, American Casualty Co. of Reading, PA, (American Casualty), seeks declaratory relief that it has no obligation

---

[1] Mr. Kilpatrick's appearance is limited to the proceedings related to the Motion To Stay. He will file a notice of appearance to that effect.

**ORDER GRANTING MOTION TO STAY-**       **1**

to defend or indemnify Defendants OPT, the Irvines, and the Shirinzadehs in certain underlying actions in which they are defendants in lawsuits brought by Cox, Taber and Hart. Two of the underlying actions are pending in Franklin County Superior Court (*Cox v. Oasis Physical Therapy, PLLC, et al.*, No. 07-2-51193-1; *Taber v. Oasis Physical Therapy, PLLC, et al.*, No. 08-2-50576-9). The other action is pending in U.S. District Court for the Eastern District of Washington (*Hart v. Oasis Physical Therapy, PLLC, et al.*, CV-08-5040-RHW). All of the underlying actions allege that Mr. Shirinzadeh, a physical therapist employed by OPT at the relevant time, engaged in inappropriate sexual touching of the plaintiffs (Cox, Taber and Hart).

Defendants OPT and the Irvines move to stay American Casualty's declaratory relief action in its entirety pending resolution of the underlying tort liability actions. American Casualty concedes a partial stay is warranted, but contends it should be allowed to proceed with its declaratory relief claim that the sexual intimacy exclusion in the relevant insurance policies applies, and therefore that it has no obligation to defend or indemnify OPT, the Irvines, and the Shirinzadehs in the underlying *Cox* and *Hart* actions.[2]

## II. DISCUSSION

28 U.S.C. §2201(a) states a federal court "**may** declare the rights . . . of any interested party." (Emphasis added). A district court's discretion to hear declaratory actions over which it has jurisdiction is guided by the factors announced by the Supreme Court in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173 (1942).

---

[2] The events involving Taber were not addressed in the Washington Department of Health (DOH) findings at issue, and therefore, the motion for partial summary judgment filed by American Casualty seeking a declaration that the sexual intimacy exclusion applies as a matter of law based on the DOH findings, relates only to the tort claims of Cox and Hart.

**ORDER GRANTING**
**MOTION TO STAY-        2**

1  These factors include avoiding needless determination of state law issues, discouraging the filing of declaratory actions as a means of forum shopping, and avoidance of duplicative litigation. "Essentially, the district court 'must balance concerns of judicial administration, comity, and fairness to litigants.'" *American States Ins. Co. v. Kearns*, 15 F.3d 142,144 (9th Cir. 1994) (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)). Additional and potentially relevant considerations include: 1) whether the declaratory action will settle all aspects of the controversy; 2) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage[3]; 3) whether the use of a declaratory action will result in entanglement between federal and state court systems; 4) the convenience of the parties; and 5) the relative convenience of other remedies. *Id.* at 145.

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137 (1995). The court's discretion, however, is not unfettered. "A district court cannot decline to entertain such an action as a matter of whim or personal disinclination." *Public Affairs Associates v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580 (1962). There is "no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically." *Government Employees Insurance Company v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Furthermore, claims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule. *Snodgrass v. Provident Life and Accident Insurance Company*, 147 F.3d 1163, 1167 (9th Cir. 1998), citing *Maryland Cas. Co. v. Knight*, 96 F.3d 1284, 1289 & n. 6 (9th Cir. 1996). Instead, they

---

[3] "Res Judicata" is a broad term often used in a manner encompassing both claim preclusion and issue preclusion (collateral estoppel).

**ORDER GRANTING**
**MOTION TO STAY-**            **3**

invoke the "'virtually unflagging'" obligation of the district court to hear jurisdictionally sufficient claims. *Id.*, citing *First State Ins. Co. v. Callan Assocs., Inc.*, 113 F.3d 161, 163 (9th Cir. 1997). When a court declines to exercise jurisdiction over a declaratory judgment action (i.e., "abstains"), it has the option to stay or dismiss the action in favor of pending state court proceedings. *Wilton*, 515 U.S. at 287-89.

If there are parallel state proceedings involving the same issues and parties at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. *Dizol*, 133 F.3d at 1225. The pendency of a state court action in itself, however, does not require a district court to refuse federal declaratory relief. *Id.* As noted above, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically. *Id.*

Here, American Casualty contends the court would have discretion to stay the entire declaratory relief action only if it were truly "parallel" to the underlying tort actions. American Casualty asserts the liability issues in the underlying tort actions are not parallel to the defense, coverage, bad faith and IFCA (Washington's Insurance Fair Conduct Act) issues in this declaratory relief action.[4] While it is true the legal issues in this declaratory relief action and those in the underlying state actions are not the same, there is an overlap of factual questions that arguably makes for "parallel" proceedings. *Polido v. State Farm Mut. Auto Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997), overruled on other grounds in *Dizol*; *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005).

---

[4] Along with the Answer they have filed in this declaratory relief action, OPT and the Irvines have filed counterclaims for bad faith and violation of the IFCA. As these counterclaims do not exist independent of American Casualty's request for declaratory relief, the court is not obligated to exercise jurisdiction over the counterclaims if it does not exercise jurisdiction over the declaratory relief claim.

**ORDER GRANTING**
**MOTION TO STAY-            4**

Even if the underlying tort actions are not "parallel," however, that does not prevent the court from abstaining from exercising its federal diversity jurisdiction and staying this declaratory relief action pending resolution of the underlying actions. The absence of a "parallel" state proceeding does not compel a district court to grant declaratory relief. It can still decline to exercise jurisdiction to grant declaratory relief. "[T]he existence or nonexistence of a state court action is simply one consideration relevant to whether to grant declaratory relief." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998). See also *Huth v. The Hartford Insurance Company of the Midwest*, 298 F.3d 800, 802-03 (9th Cir. 2002).

American Casualty has not filed a "reactive" declaratory relief coverage action (insured has filed state court action against its insurer and the insurer reacts by suing the insured in federal court for declaratory relief on the same issues). Here, the federal declaratory relief action commenced by American Casualty relates to underlying actions against the insureds (OPT, Irvines and Shirinzadehs) to which American Casualty is not a party. In that circumstance, declaratory relief is proper to the extent the factual issues in the federal declaratory relief lawsuit are distinct from those being litigated in the underlying tort actions. The level of distinction is important because of the potential that a federal court's declaratory relief determination regarding coverage will have collateral estoppel effect on liability issues in the underlying tort actions. Where the overlap between the factual inquiry necessary to resolve the coverage dispute is substantially similar to the factual inquiry already underway in underlying actions, declaratory relief abstention may be warranted.

American Casualty contends the sexual intimacy exclusion can be addressed in this federal declaratory relief action without "interfering" with the underlying actions because application of the exclusion depends upon a prior regulatory ruling of the Washington Department of Health (DOH) finding that Rafat Shirinzadeh's alleged conduct constituted sexual activity with certain clients, including Cox and

**ORDER GRANTING**
**MOTION TO STAY-          5**

Hart. The exclusion is for "any act of sexual intimacy, sexual molestation or sexual assault" and provides that "[American Casualty] shall provide you with a defense of such claim unless or until such act has been determined to have occurred, by any trial verdict, court ruling, **regulatory ruling** or legal admissions, whether appealed or not . . . ." (Emphasis added). American Casualty asserts its motion for partial summary judgment depends upon the existence of the DOH findings "without regard to their merits."

American Casualty contends it is "impossible" that a ruling applying the sexual intimacy exclusion to the DOH findings might create collateral estoppel in favor of Cox and Hart against OPT and the Irvines in the underlying actions. This is so, according to American Casualty, because the DOH findings apply only to Shirinzadeh. American Casualty asserts Cox and Hart could not make offensive collateral estoppel use of the DOH findings against OPT and the Irvines because OPT and the Irvines were not parties to the DOH proceeding involving Shirinzadeh, and so there is no "mutuality." According to American Casualty, any ruling in the federal declaratory relief action "as to the meaning of the sexual intimacy exclusion can neither add to nor detract from the collateral estoppel effect, if any, that the DOH Finding may already have as to anyone, including Shirinzadeh." This court does not share that degree of certainty in matters which have yet to be fully litigated. The ultimate triers of fact in the underlying cases have not yet ruled on highly contested issues which may come out more favorably to the insureds than is suggested by the DOH administrative ruling.

One of the issues very likely to be litigated in the underlying tort actions is the collateral estoppel effect, if any, of the DOH findings that Shirinzadeh engaged in inappropriate conduct of a sexual nature. It appears to this court that if it declares that the sexual intimacy exclusion applies because of the DOH findings, it will effectively resolve that collateral estoppel issue, at a minimum with regard to Shirinzadeh and possibly as to the others with whom he is contractually tied by his past employment.

**ORDER GRANTING
MOTION TO STAY-                6**

For all practical purposes, this court will be saying the DOH findings are binding or at least highly relevant to issues now in dispute. There is significant potential that the courts in the underlying actions would feel compelled to follow suit and conclude the DOH findings are binding, thereby making it unnecessary to litigate in the underlying actions the question of whether Shirinzadeh did in fact engage in inappropriate conduct of a sexual nature. American Casualty's assurance that there would be no collateral estoppel effect is of little comfort to OPT and the Irvines since the collateral estoppel argument would be made by Cox and/or Taber and/or Hart in the underlying actions.

American Casualty seemingly contends that if this court were to apply the sexual intimacy exclusion based on the DOH findings, it would not be rendering any factual determination that such intimacy occurred and therefore, not interfering with the liability determinations to be made in the underlying tort actions. The court disagrees. Of note, Shirinzadeh adamantly denies acts of sexual intimacy occurred.

It appears that applying the sexual intimacy exclusion based on the DOH findings would effectively be a factual determination that Shirinzadeh engaged in inappropriate sexual conduct with certain patients, creating real and significant potential that the plaintiffs in the underlying actions could seek to use that determination to estop OPT, the Irvines, and the Shirinzadehs from contending no such conduct occurred. This court would be ruling on the application of the sexual intimacy exclusion without knowing what the actual facts are and before those facts were adjudicated in a court of law, as opposed to being adjudicated before an administrative agency.

The case at bar bears some resemblance to *National Chiropractic Mutual Insurance Company v. Doe*, 23 F.Supp.2d 1109 (D. Alaska 1998), where pending the outcome of a patient's state court tort suit, a federal district court stayed the declaratory judgment action brought by a professional liability insurer seeking declaration that its insurance policy excluded coverage for alleged sexual assault. In

**ORDER GRANTING**
**MOTION TO STAY-          7**

that case, the factor that "weighed heavily" in favor of a stay was "the possibility that a holding in the declaratory action might collaterally estop the parties to the underlying tort action as to certain factual issues." *Id*. at 1123. The court observed that "the overlap between the factual inquiry necessary to resolve the coverage dispute [was] substantially similar to the factual inquiry already underway in state court." *Id*. at 1122. While the *National Chiropractic* case did not involve an administrative, regulatory finding regarding whether a sexual assault had occurred, as discussed above, this court fails to see how that fact weakens the case for entry of a stay in the captioned matter. Reliance by this court on the DOH findings to conclude the sexual intimacy exclusion applies may not amount to a "factual inquiry," but would nevertheless effectively constitute a "factual determination" which might unfairly collaterally estop OPT, the Irvines, and the Shirinzadehs in the underlying tort actions. See *National Chiropractic*, 23 F.Supp.2d at 1123 ("factual determinations reached in this coverage case may unfairly collaterally estop Doe in the underlying tort action").

American Casualty argues that it is severely prejudiced because of significant ongoing defense costs. However, the insurer voluntarily elected to provide coverage to its named insureds and is presumably defending under a reservation of rights which provides at least a theoretical remedy if the acts alleged in the underlying cases are found to be outside of available coverage. The insureds, on the other hand, are left largely without coverage from this day forward on matters which may ultimately be found to fall within the coverage of the policies if this court rules in favor of the carrier at this relatively early date in the underlying proceedings. Fundamental fairness suggests that the factual issues upon which ultimate coverage may depend be adjudicated before the insurance carrier is absolved from responsibility for coverage.

The potential for collateral estoppel effect tips the balance in favor of a stay. Another factor favoring entry of a stay is that the DOH findings were entered in

**ORDER GRANTING MOTION TO STAY-**        **8**

October 2007, indicating American Casualty has heretofore had an adequate opportunity in the underlying actions to employ those findings to whatever advantage offered by them. This federal declaratory relief action was commenced in November 2008, over one year after the DOH findings were entered.

## III. CONCLUSION

For the foregoing reasons, the Motion To Stay (Ct. Rec. 22) is **GRANTED**. The captioned action is **STAYED** in its entirety pending final resolution of *Cox v. Oasis Physical Therapy, PLLC, et al.*, No. 07-2-51193-1; *Taber v. Oasis Physical Therapy, PLLC, et al.*, No. 08-2-50576-9; and *Hart v. Oasis Physical Therapy, PLLC, et al.*, CV-08-5040-RHW. Accordingly, Plaintiff's Motion For Partial Summary Judgment (Ct. Rec. 28) is also **STAYED** and the hearing of that motion set for July 30 is **VACATED,** as is the briefing schedule the court had established with regard to that motion.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel.

**DATED** this  24th  of June, 2009.

s/Lonny R. Suko
------------------------
LONNY R. SUKO
United States District Judge